THOMAS SIMPSON *vs.* EDMUND C. BOWKER & others.

The attendance of the creditor on a citation to take a poor debtors' oath, will not give the magistrates jurisdiction, if the representation by the debtor do not state that he is unable to pay the debt upon which he is committed.

Such attendance may cure want of notice, but cannot give the magistrates jurisdiction.

THIS action, like the preceding, was on a jail bond, dated April 2d, 1852. Several objections were specified to the validity of the discharge of the principal debtor, which it became unnecessary to report. The representation by the jailer to the magistrates on behalf of the debtor, was in the same form as in *Webster* v. *French*, ante, 304. It appeared, however, that the plaintiff's attorney was present at the time the oath was administered to the poor debtor; but notwithstanding this fact, *Wells*, C. J. in the court of common pleas, ruled that the discharge was invalid, and the defendants excepted to the ruling. The case was argued and determined at the sittings in Boston, in January, 1854.

*A. R. Brown*, for the defendants.

*B. F. Butler*, for the plaintiff.

DEWEY, J. The present case is similar in respect to the representation of the debtor to the jailer, as stated in the application to the justice in *Webster* v. *French*, ante, 304.

There is no statement that the debtor is unable to pay the debt for which he was imprisoned. The form of the application in both cases seems to have been framed in reference to the act of 1844, *c.* 154, § 1. That section relates to persons imprisoned on *mesne* process. Section 10, which has reference to cases of commitment on execution for debt, requires the proceedings in such cases to be conformable to Rev. Sts. *c.* 98, except as to the notice to be given to the creditor, which is to be the same as in case of imprisonment on *mesne* process. As to the representation to the jailer, the Rev. Sts. *c.* 98, and the act of 1844, *c.* 154, differ. This application is, as was held in *Webster* v. *French*, defective, it not being in accordance with the provisions of Rev. Sts. *c.* 98. This view of the case renders it unnecessary to consider some of the points discussed in the argument of the case. The fact that the attorney of the plaintiff was present at the time the oath was administered, does not affect the plaintiff's right to recover. It does not appear that he was there for the purpose of raising objections to these proceedings, as attorney to the creditors. If so, it would still be questionable whether the defect would thereby be cured. It was not a defect in the notice, but in the application. *Exceptions overruled.**

---

* In the case of *Moses Noyes* v. *Herbert Coburn & others,* argued at the October term, 1854, the same question was raised on exceptions to the ruling of *Bishop,* J in the court of common pleas.

*A. R. Brown,* for the defendants.

*B. F. Butler,* for the plaintiff.

DEWEY, J. The principal question in this case was directly decided in the case of *Webster* v. *French,* ante, 304, that the omission to state that the debtor "was unable to pay, &c." was fatal to the proceedings. The only further inquiry in the present case is, as to the effect of an appearance before the justices by the counsel of the creditor. This may cure want of notice to the creditor, but does not supply the defect of want of jurisdiction. Such want of jurisdiction in the present case is fatal to the defence. *Exceptions overruled.*